Martin G. Molina, Calif. Bar No. 176934
LAW OFFICE OF MARTIN G. MOLINA
185 West "F" Street
Suite 100
San Diego, CA 92101
Telephone:  (619) 232-0620
Facsimile:   (619) 233-4145

CJA Attorney for Defendant
GABRIEL CASTRO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. M. James Lorenz)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  08 CR 248 L |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** |
| vs. | |
| GABRIEL CASTRO, | |
| Defendant. | Date: February 25, 2008<br>Time: 2:00 p.m. |

## I.

### STATEMENT OF FACTS

The following statement of facts is based on the sworn statement of facts submitted by Customs and Border Protection Officer Esparagoza in support of the underlying complaint in case 08 MJ 115.  To date, the defense has not received any reports or documents in connection

1                                                                                              08 CR 248 L

1 with the arrest of Mr. Castro.

2 Mr. Castro does not admit the truth of these facts nor their accuracy as cited in this
3 motion. Furthermore, Mr. Castro reserves the right to challenge the truth and accuracy of
4 these facts in any subsequent pleadings or during any further proceedings.

5 On January 15, 2008, Mr. Castro approached the San Ysidro Port of Entry at
6 approximately 2:25 p.m. driving a Volkswagen Jetta. When he approached the primary
7 inspection booth, he indicated that he was a United States citizen and presented his
8 identification card identifying him as a Sheriff's deputy. The inspector inspected the trunk of
9 the vehicle and noticed what appeared to him to be a space discrepancy. The inspector then
10 removed a wood panel and saw a person hiding inside. The inspector then referred the vehicle
11 to secondary inspection area, where other law enforcement officers found a minor male. The
12 officers then placed Mr. Castro under arrest.

13 At approximately 4:22 p.m., the officers removed Mr. Castro from a holding cell, and
14 advised him of his rights. Mr. Castro agreed to waive his rights and answer questions from the
15 officers. During the interrogation that followed, Mr. Castro admitted that he was knowingly
16 trying to introduce the minor into the United States and that he had charged a fee of $2,500.
17 Mr. Castro also indicated that he was supposed to call a specific telephone number after
18 crossing the United States to receive further instructions.

19
20 **II.**
21 **ARGUMENT**
22 **MOTION TO COMPEL DISCOVERY**
23

24 Mr. Castro moves for the production of the following discovery. This request is not
25 limited to those items that the prosecutor knows of, but rather includes all discovery listed
26 below that is in the custody, control, care, or knowledge of any "closely related investigative
27 (or other) agencies." See <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).
28

1. <u>Mr. Castro's Statements</u>. The Government must disclose to the defense all copies of any written or recorded statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16 (a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all of the defendant's statements, whether oral or written, regardless of whether the Government intends to make use of those statements.

2. <u>Arrest Reports, Notes and Dispatch Tapes.</u> Mr. Castro specifically requests the Government to turn over all arrest reports, notes, inventory notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Castro or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16 (a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Castro. <u>See</u> Fed. R. Crim. P. 16 (a) (1) (B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

3. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. Castro requests the reports of all tests and examinations conducted upon the evidence in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by

1 the government as evidence in chief at the trial.

2

3 4.     Brady Material. Mr. Castro requests all documents, statements, agents' reports, and
4 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the
5 credibility of the Government's case.  Under Brady, impeachment as well as exculpatory
6 evidence falls within the definition of evidence favorable to the accused. United States v.
7 Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

8

9 5.     Any Information That May Result in a Lower Sentence Under the Guidelines.  The
10 Government must produce this information under Brady.  This request includes any
11 cooperation or attempted cooperation by Mr. Castro as well as any information that could
12 affect any base offense level or specific offense characteristic under Chapter Two of the
13 Guidelines. Mr. Castro also requests any information relevant to a Chapter Three adjustment, a
14 determination of her criminal history, and information relevant to any other application of the
15 Guidelines.

16

17 6.     The Defendant's Prior Record. Mr. Castro requests disclosure of any alleged prior
18 record, under Fed. R. Crim. P. 16 (a)(1)(B).

19

20 7.     Any Proposed 404(b) Evidence. The Government must produce evidence of prior
21 similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition,
22 under Rule 404(b), "upon request of the accused, the prosecution … shall provide reasonable
23 notice in advance of trial … of the general nature …" of any evidence the government
24 proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defense request that such notice
25 be given at least three weeks before trial in order to give the defense time to adequately
26 investigate and prepare for trial.

27

28

1  8. <u>Evidence Seized.</u>  The defense requests production of evidence seized as a result of any
2  search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

4  9. <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all
5  physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody,
6  or care of the government and which relate to the arrest or the events leading to the arrest in
7  this case be preserved.  This request is intended to include, but is not limited to the
8  preservation of the Volkswagen Jetta purportedly driven by Mr. Castro, all of the items found
9  inside the vehicle at the time of the arrest, and the dispatch tapes containing all conversations
10 regarding the arrest.  <u>California v. Trombetta</u>, 467 U.S. 479 (1984); <u>Arizona v. Youngblood</u>,
11 488 U.S. 51 (1988); U.S.C.A. Const. Amend. 14. It is requested that the government be
12 ordered to question all the agencies and individuals involved in the prosecution and
13 investigation of this case to determine if such evidence exists, and if it does exist, to inform
14 those parties to preserve any such evidence.

16 10. <u>Tangible Objects</u>.  The defense requests the opportunity to inspect and copy as well as
17 test, if necessary, all other documents and tangible objects, including but not limited to, the
18 Volkswagen Jetta, all items contained inside the vehicle at the time of Mr. Castro's arrest,
19 photographs, books, papers, documents, fingerprint analyses, and all other items which are
20 material to the defense or intended for use in the Government's case in chief or were obtained
21 from or belong to Mr. Castro.  Fed. R. Crim. P. 16(a)(2)(C).

23 11. <u>Evidence of Bias or Motive to Lie</u>. Mr. Castro requests any evidence that any
24 prospective Government witness is biased or prejudiced against Mr. Castro, or has a motive to
25 falsify or distort his or her testimony <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United
26 States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

1  12.    <u>Impeachment Evidence</u>. Mr. Castro requests any evidence that any prospective
2  Government witness has engaged in any criminal act whether or not resulting in a conviction
3  and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid.
4  608, 609, and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, supra. <u>See</u> <u>United</u>
5  <u>States v. Strifler</u>, supra (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir.
6  1965) (evidence that detracts from a witness' credibility).

7

8  13.    <u>Evidence of Criminal Investigation of Any Government Witness</u>.    Mr. Castro
9  requests any evidence that any prospective witness is under investigation by federal, state or
10  local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985)
11  <u>cert</u>. <u>denied</u>, 474 U.S. 945 (1985)

12

13  14.    <u>Evidence Affecting Perception, Recollection, or Ability to Communicate of</u>
14  <u>Government Witnesses</u>. Mr. Castro requests any evidence, including any medical or
15  psychiatric report or evaluation, that tends to show that any prospective witness' ability to
16  perceive, remember, communicate, or tell the truth is impaired, and any evidence that a
17  witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.
18  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d
19  213, 224 (4th Cir. 1980)

20

21  15.    <u>Government Witnesses' Address</u>. Mr. Castro requests the name and last known address
22  of each prospective Government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir.
23  1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government
24  witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1180 (9th Cir.
25  1979) (defense has equal right to talk to witnesses), <u>cert</u>. <u>denied</u>, 444 U.S. 1034 (1980). Mr.
26  Castro also requests the name and last known address of every witness to the crime or crimes
27  charged (or any of the overt acts committed in furtherance thereof) who will not be called as a
28

government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

16.     Name of Witnesses Favorable to the Defendant. The defense requests the name of any witnesses who made an arguably favorable statement concerning Mr. Castro or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980)

17.     Statements Relevant to the Defense. The defense requests disclosure of any statement relevant to any possible defense or contention he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982)

18.     Jencks Act Material. Mr. Castro requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. 3500. The defense submits that advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material. This request is intended to include "rough" notes purported to constitute an accurate account of a witness interview. Campbell v. United States, 373 U.S. 487, 490-492 (1963). See United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (when an agent goes over interview notes with the subject of the interview, the notes are subject to the Jencks Act). The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial.

19.     Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defense requests discovery regarding any express or implied promise, understanding, offer of

immunity, or past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

20.     <u>Informants and Cooperating Witnesses</u>. Mr. Castro requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Castro.  The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.  The Government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Castro.

21.     <u>Personnel Records of Government Officers Involved in the Arrest</u>.  The defense requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation of the case, and in the arrest and interrogation of Mr. Castro.

22.     <u>Government Examination of Law Enforcement Personnel Files</u>.  Mr. Castro requests that the Government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers. Mr. Castro requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other acts of dishonesty, or any other material relevant to impeachment, or any other information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  In <u>Henthorn</u>, the Ninth Circuit remanded for

1  in camera review of the agents' files because the government failed to examine the files of the
2  agents who testified at trial. This Court should therefore order the Government to review all
3  such files for all testifying witnesses and turn over any material relevant to impeachment or
4  that is exculpatory to Mr. Castro prior to trial. In addition, the defense specifically requests
5  that the prosecutor, not law enforcement officers, review the files in this case.

7  23.   Expert's Summaries. The defense requests written summaries of all expert testimony
8  that the government intends to present under Federal Rules of Evidence 702, 703 or 705
9  during its case in chief, written summaries of the bases for each expert's opinion, and written
10 summaries of the expert's qualifications. Fed. R. Crim. P. 16(a)(1)(E).

12 24.   Residual Request. Mr. Castro intends by this motion to invoke his rights to discovery to
13 the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution
14 and laws of the United States. This request specifically includes all subsections of Rule 16.
15 Mr. Castro requests that the Government provide him with the above requested materials
16 sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## LEAVE TO FILE FURTHER MOTIONS

19         As additional information comes to light, the defense may find it necessary to file
20 further motions. As stated above, the defense has not received any documents or reports
21 prepared by law enforcement agents in connection with the arrest of Mr. Castro. Upon the
22 receipt of these, Mr. Castro may see the need to file additional motions. As such, Mr. Castro
23 hereby requests leave file additional motions as they become necessary.
24 ///
25 ///
26 ///
27 ///

## III.

## **CONCLUSION**

For the reasons stated above, Mr. Castro respectfully requests that this Court grant the foregoing motions.

Dated: February 2, 2008

Respectfully submitted,
LAW OFFICE OF MARTIN G. MOLINA

By: /s/ *Martin G. Molina*
Martin G. Molina
mmolinaesq@yahoo.com
CJA Attorney for Defendant
GABRIEL CASTRO