THOMAS G. GILMORE, ESQ.
State Bar No. 91984
LAW OFFICES OF THOMAS G. GILMORE
3232 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92103
(619) 426-4444

Attorney for Material Witness

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  08CR0248 |
| ) | 08MJ0115 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| ) | VIDEOTAPE DEPOSITION AND |
| Gabriel Castro, ) | SUBSEQUENT VOLUNTARY DEPORTATION |
| ) | OF MATERIAL WITNESSES |
| ) | |
| ) | DATE: February 14, 2008 |
| ) | TIME: 9:30 a.m. |
| ) | PLACE: Courtroom of Magistrate |
| Defendant. ) | Nita L. Stormes |

**I**

**BY STATUTE AND CASE LAW,**

**THE MOTION SHOULD BE GRANTED**

According to 18 U.S.C. 3144, "no material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can be adequately secured by deposition and if further detention is not necessary to prevent a failure of justice".

Furthermore, Fed R. Crim P. 15(a) specifies that a material witness may make a motion requesting such a deposition and the district court has the authority to order the taking of the deposition and thereafter to discharge the detained witness from

1

custody.

As the Fifth Circuit stated In <u>Aguilar-Ayala v. Ruiz</u>, 973 F.2d 411 (1992) at page 413:

> Read together, Rule 15(a) and section 3144 provide a detained witness with a mechanism for securing his own release.  He must file a "written motion", Fed. R. Crim. P. 15(a), requesting that he be deposed.  The motion must demonstrate that his "testimony can adequately be secured by deposition" and that "further detention is not necessary to prevent a failure of justice" 18 U.S.C. section 3144. Upon such showing, the district court must order his deposition and prompt release. Id. ("No material witness may be detained" if he makes such a showing).  Although Rule 15(a) is couched in the permissive "May" not the mandatory "shall", Fed R. Crim. P. 15(a) ("the court...may direct that the witness' deposition be taken"), it is clear from a conjunctive reading with section 3144 that the discretion to deny the motion is limited to those instances in which the deposition would not serve as an adequate substitute for the witness' live testimony:  that a "failure of justice" would ensue were the witness released...absent a "failure of justice", the witness must be released.

Any ambiguity in Rule 15(a) was resolved when the statute was amended in 2002 to differentiate between motions for depositions brought by other parties as opposed to such motions brought by the material witness themself.  The new statutory language holds that when a material witness files their own motion for a deposition, they do not even need to show any "exceptional circumstances" exist. The amended statute has already been upheld on appeal, <u>United States v. Chen</u> (N.D. Cal. 2003) 214 F.R.D. 578.

This is also the law in the Ninth Circuit as demonstrated by the case of <u>Torres -Ruiz v. United States District Court for the Southern District of California</u>, 97 CDOS 5335 (July 7, 1997).  The court "agreed with the reasoning of [<u>Aguilar-Ayala</u>, <u>supra</u>]" and reversed Judge Huff who had denied a motion for a deposition on facts virtually identical to the instant action .  As the court

stated:

> In the instant case, two young men ages 19 and 22, have apparently been randomly selected out of a group of 27 undocumented aliens and detained for a period of over 60 days as material witnesses in a straightforward and uncomplicated alien smuggling prosecution. These young men state without opposition by either party to this case that they are the sole support for their respective families in Mexico, and that every day they remain in custody is a tremendous hardship on those family members. (Kilpatrick Declaration at 2) Neither petitioner is able to provide a surety for $1000.00 bond. It is exactly circumstances such as these for which section 3144 appears to be designed.

                          Respectfully submitted,

                          LAW OFFICES OF THOMAS G. GILMORE

DATED: 2/13/08        By:  <u>/ss/ Thomas G. Gilmore</u>
                                Thomas G. Gilmore, Esq.
                                Attorney for Material Witness