Martin G. Molina, Calif. Bar No. 176934
LAW OFFICE OF MARTIN G. MOLINA
185 West "F" Street
Suite 100
San Diego, CA 92101
Telephone:  (619) 232-0620
Facsimile:  (619) 233-4145

CJA Attorney for Defendant
GABRIEL CASTRO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. M. James Lorenz)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.  08 CR 248 L |
| | ) |
| Plaintiff, | ) **DEFENDANT'S OPPOSITION TO** |
| | ) **DEPOSITION OF MATERIAL** |
| vs. | ) **WITNESS** |
| | ) |
| | ) |
| GABRIEL CASTRO, | ) |
| | ) Date:  February 14, 2008 |
| | ) Time: 9:30 a.m. |
| Defendant. | ) Mag. Judge Nita L. Stormes |

NOW COMES the defendant, Gabriel Castro, by and through his CJA court-appointed counsel of record, Martin G. Molina, and herein submits his opposition to the motion for video-tape deposition filed on February 13, 2008 by material witness A.G.R.

# I.

## **STATEMENT OF FACTS**[1]

Mr. Castro is presently charged in a two-count indictment with bringing an undocumented alien for financial gain and failure to present an alien to an immigration official at a designated port of entry, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and (B)(iii), respectively.  The alleged undocumented alien, identified as A.G.R., a juvenile, is presently detained as a material witness and is being represented by Thomas Gilmore, Esq.

On January 15, 2008, Mr. Castro approached the San Ysidro Port of Entry at approximately 2:25 p.m. driving a Volkswagen Jetta.  When he approached the primary inspection booth, he indicated that he was a United States citizen and presented his identification card identifying him as a Sheriff's deputy.   The inspector inspected the trunk of the vehicle and noticed what appeared to him to be a space discrepancy.  The inspector then removed a wood panel and saw a person hiding inside.  The inspector then referred the vehicle to secondary inspection area, where other law enforcement officers found a minor male.  The officers then placed Mr. Castro under arrest.

At approximately 4:22 p.m., the officers removed Mr. Castro from a holding cell, and advised him of his rights.  Mr. Castro agreed to waive his rights and answer questions from the officers.  During the interrogation that followed, Mr. Castro admitted that he was knowingly trying to introduce the minor into the United States and that he had charged a fee of $2,500.  Mr. Castro also indicated that he was supposed to call a specific telephone number after crossing the United States to receive further instructions.

---

[1] Mr. Castro does not admit the truth of these facts nor their accuracy as cited in the instant motion.  Further, Mr. Castro reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

# II.

# ARGUMENT

## THIS COURT SHOULD DENY THE MOTION FOR DEPOSITION OF THE MATERIAL WITNESS

Title 18, United States Code § 3144 governs the detention of individuals who may give testimony material to a criminal proceeding. This section provides that where the witness is not able to meet the conditions of the bond set by the court and is detained, the court may order the deposition of the witness where (1) deposition may secure the testimony of the witness and (2) further detention is not necessary to prevent a failure of justice. 18 U.S.C. § 3144. In this case, material witness A.G.R. has moved for a videotape deposition pursuant to 18 U.S.C. § 3144. However, while depositions may secure his testimony, this Court should nevertheless order his continued detention in order to protect the rights of Mr. Castro or in the alternative, modify the conditions of release so that the material witness can remain in the United States until this case is resolved. The failure of this Court to so order will result in a failure of justice.

First, depositions are generally disfavored in criminal cases for several reasons, including the threat to the defendant's Sixth Amendment confrontation rights. United States v. Drougal, 1 F.3d 1546, 1551-52 (11th Cir. 1993). Criminal depositions are authorized only when doing so is "necessary to achieve justice and may be done consistent with the defendant's constitutional rights." Id. at 1551; Fed. R. Crim. P. 15(a).

The burden is on the moving party to establish **exceptional** circumstances justifying the taking of depositions. Id. at 1552 (citing United States v. Fuentes-Galindo, 929 F.2d 1507, 1510 (10th Cir. 1991)). The trial court's discretion is generally guided by consideration of certain "critical factors," such as whether "(1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. Id. at 1552.

Here, the material witness has not shown exceptional circumstances exist.  Thus, the motion for videotape deposition should be denied.

Mr. Castro submits that when considering the issue, this Court must balance the interests of the Government and the accused, as well as the interests of the material witness. Although the material witness may have a liberty interest at stake, Mr. Castro submits that that interest is outweighed by his constitutional rights of confrontation and to due process of law.[2]

The Confrontation Clause serves several purposes: "(1) ensuring that witnesses will testify under oath; (2) forcing witnesses to undergo cross-examination; and (3) permitting the jury to observe the demeanor of witnesses." United States v. Sines, 761 F.2d 1434, 1441 (9th Cir. 1985). The confrontation Clause allows the accused to test the recollection and the conscience of a witness through cross-examination and allows the jury to observe the process and make an assessment of the witness' credibility. Maryland v. Craig, 497 U.S. 836, 851 (1989); Ohio v. Roberts, 448 U.S. 56, 63-64 (1979).

In the instant case, the material witness has received the benefit of the Government refraining from pressing criminal charges in return for testimony against Mr. Castro.  The jury must see the reaction and demeanor of the material witness when confronted with questions.[3] Such observations will allow the jury to decide whether to believe the witness' statements and/or how much credit to give to his testimony.   On the other hand, the requested video-taped deposition will compromise the jury's ability to make such an assessment because the tape may not preserve subtle reactions of the witness under cross-examination that may favor the accused.

---

[2] Moreover, to the extent that the material witness would provide testimony favorable to Mr. Castro, his release would violate his Sixth Amendment right to compulsory process.

[3] This Court should be mindful of the fact that the only reason the Government has not charged the material witness with a crime is that the Government seeks to introduce his testimony against the accused. The Government could have charged the material witness with illegal entry under 8 U.S.C. § 1325, which carries a maximum sentence of six (6) months imprisonment. Needless to say, the Government would not concern itself with the material witness' liberty interest had they, in fact, charged him with this offense.

Second, Fed. R. Crim. P. 15(a) states that a material witness' deposition may be taken only upon a showing of "exceptional circumstances." <u>United States v. Omene</u>, 143 F.3d 1167, 1170 (9th Cir. 1998). In the present case, the material witness makes a conclusory allegation that "each day he remains in custody is an additional hardship on himself and his family." <u>See</u> Points and Authorities in Support of Motion at page 2.  However, the material witness has not articulated a single basis for such a conclusion.  Moreover, the material witness has not shown why this purported hardship rises to the requisite level of  "exceptional circumstances."

Mr. Castro has pled not guilty to all counts of the indictment.  A discovery motion is on file.  The defense counsel has not received any discovery at all, much less the statements made the material witness.   As such, the defense has had a very limited opportunity to conduct follow-up investigation. To require Mr. Castro to cross-examine the material witness at the current juncture of the proceedings would severely prejudice his future trial rights. At this early stage, Mr. Castro has been unable to formulate a theory of the defense. Without such formulation, any cross-examination of the material witness would be at best meaningless, and at worst ineffective and potentially harmful to Mr. Castro and his defense.

Finally, should this Court determine that the issue must be addressed at this point in time, the Court can easily resolve the issue by modifying the conditions of release for the material witness so that his continued detention would be unnecessary. Conditions of release for material witness is governed by 18 U.S.C. § 3142. Under this section, "[t]he judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured personal appearance bond . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(b).

§ 3142(b) suggests that this Court can order that the material witness be released on his own recognizance. The material witness has no incentive not to come back to court to testify because he is not being charged with a crime. Also, the material witness has no incentive to flee the country. Indeed, if the statement of facts in support of the complaint in this case is to be believed, this material witness was prepared to pay or had paid money to be smuggled

illegally into the United States. Therefore, he obviously want to remain in this country, fully within the subpoena power of this Court.

Moreover, the Bail Reform Act states that "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). This mandate, combined with the preference for release upon one's own recognizance, strongly suggests that the proper remedy for the material witness in this case is a motion to modify the terms of his release, not for the remedy of immediately ordering a videotape deposition and deporting him to the Republic of Mexico.

By its express language, Federal Rule of Criminal Procedure 15(a) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial." Title 18 U.S.C. § 3144 further provides that "[r]elease of a material witness <u>may be delayed</u> for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure." (Emphasis added). Put another way, these rules confer no right to move for a deposition where the material witness is relevant for a pretrial evidentiary hearing. Rather, these rules authorize the detention of a material witness, and more importantly, they preclude the release of the material witness at least until after any pretrial evidentiary hearings are concluded.

///
///
///
///
///
///
///
///
///

## III.

## <u>CONCLUSION</u>

For the reasons stated above, Mr. Castro respectfully requests this Court to deny the material witness' motion for videotape deposition.

Dated:  February 13, 2008                    Respectfully submitted,
                                             LAW OFFICE OF MARTIN G. MOLINA


                                             By: /s/ Martin G. Molina
                                             Martin G. Molina
                                             mmolinaesq@yahoo.com
                                             CJA Attorney for Defendant
                                             GABRIEL CASTRO