KAREN P. HEWITT
United States Attorney
RANDY K. JONES
Assistant U.S. Attorney
California State Bar No. 141711
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5681
randy.jones2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0248-L |
|---|---|---|
| Plaintiff, | ) ) ) | DATE:        March 3, 2008<br>TIME:        2:00 p.m. |
| v. | ) ) | **UNITED STATES' RESPONSE AND** |
| GABRIEL CASTRO, | ) ) | **OPPOSITION TO DEFENDANT'S**<br>**MOTION TO COMPEL DISCOVERY** |
| Defendant. | ) ) ) | **AND FOR LEAVE TO FILE FURTHER**<br>**MOTIONS** |
| | ) ) | **TOGETHER WITH STATEMENT OF** |
| | ) ) ) | **FACTS AND MEMORANDUM OF POINTS**<br>**AND AUTHORITIES** |
| | ) | |

COMES NOW, the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Randy K. Jones, Assistant U.S. Attorney, and hereby files its Response and Opposition to defendant's above-referenced motion. Said response is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

## I.

### STATEMENT OF THE CASE

On January 30, 2008, a federal grand jury returned an indictment charging Defendant Gabriel Castro ("CASTRO") with bringing in illegal aliens for financial gain and aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 (Count One) and transportation of illegal aliens and

1   aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) (Count Two).   On January 31, 2008,

2   CASTRO was arraigned on the Indictment and entered a plea of not guilty.  The motion hearing is

3   scheduled for March 3, 2008 at 2:00 p.m.

**II**

**STATEMENT OF THE FACTS**

A.    INCIDENT

On January 15, 2008, at approximately 2:45 p.m., CASTRO, the driver and sole occupant of a white 2008 Volkswagen Jetta with no license plate, made application for admission into the United States from Mexico at the San Ysidro Port of Entry via the vehicle primary lane. CASTRO presented himself for inspection before primary Customs and Border Protection (CBP) Officer Blake. CASTRO began talking to CBP Officer Blake before any questions were asked. CASTRO stated he had no identification and that he must have lost it in Mexico. CASTRO declared himself to be a United States citizen and handed over a County of San Diego Deputy Sheriff Department identifications card.

As CBP Officer Blake performed a cursory inspection of the trunk, she first saw CASTRO's San Diego County Sheriffs jacket and duty holster. CBP Officer Blake then noticed a space discrepancy. She pulled on a wood panel which revealed a body hidden within. CBP Officer Blake called for assistance, handcuffed CASTRO and escorted him into secondary. CBP Officer Ware then drove the vehicle into secondary.

In secondary, a minor male was removed from a modified compartment between the back seat rest and the trunk. The minor male identified himself as A.G.R. A.G.R. admitted to being a citizen of Mexico with no legal documents to enter the United States. Also found in the vehicle were the same type of screws and cable ties used on the compartment, and a hammer. In the secondary office a pat down of CASTRO and his property (a blue backpack) was conducted. While checking the backpack, CASTRO's California driver license, two bullets, and $2,460.00 in cash were found.

A call to the San Diego County Sheriff Department by CBP Enforcement Officer Loperena confirmed that CASTRO was employed by the department as a Correctional Deputy at the East Mesa Detention Facility.

//

2

08CR0248-L

B.    <u>CASTRO'S POST-ARREST STATEMENT</u>

At approximately 4:22 p.m., CASTRO was removed from a holding cell and escorted to an interview room where he was advised of his <u>Miranda</u> Rights. CASTRO elected to waive his right to counsel and gave the following statement.

CASTRO stated that a few days ago, his uncle, Gilberto, called him and asked if he knew anyone who crossed people. CASTRO told his uncle he did not. CASTRO stated he thought it would be easy for him to cross someone into the United States because he never had any problems before. CASTRO stated his uncle gave him a phone number and he called the number that day and spoke to an unknown lady. The lady told him to meet her at the Mercado Hidalgo in Tijuana and that she would be in an older white Pontiac.

CASTRO stated he built the compartment in his car the day before, for the purpose of hiding his work gear there. CASTRO stated since he already had the compartment, he decided to hide the person he was going to smuggle there. CASTRO stated he met the lady and boy in the parking lot in Tijuana. CASTRO stated that while in the parking lot, he let the back seat rest down and put the boy inside the compartment. CASTRO stated he then replaced the seat rest but did not lock it into place. CASTRO stated he told the lady he wanted $2,500.00 to smuggle the boy into the United States and she gave him the money there in the parking lot.

CASTRO stated he was given a phone number and that he was going to call the number once he crossed the border to receive further instruction. CASTRO stated as he was driving to the border, he asked the boy if he was okay, to which he replied he was fine. He later told the boy when they were approaching the inspection booth.

During the interview, the CASTRO appeared to be alert and coherent, answering questions in a rational manner. CASTRO did not appear to be under the influence of alcohol or any narcotic, nor did CASTRO appear nervous or fearful in any manner.

C.    <u>MATERIAL WITNESS STATEMENT</u>

A.G.R. gave the following statement in a videotaped interview:

That he is a citizen of Mexico, born in San Luis Potosi, Mexico, and has no legal right or document to enter into, pass through, or remain in the United States. That he had traveled to Tijuana with his cousin. That through a photographic line-up, CASTRO picked his cousin up from the hotel they were staying at that morning. That CASTRO later returned to the hotel for him and said that he, CASTRO, had successfully crossed his cousin into the United States. That CASTRO then placed him in the compartment of the vehicle telling him not to move. That he tried to open the compartment from the inside, but could not. That CASTRO was going to take him to a restaurant in San Diego as was pre-arranged with a friend of his father's.

CASTRO was transported and booked into the Metropolitan Correctional Center (MCC) pending criminal arraignment for violation of Title 8 of the United States Code, Section 1324. The vehicle was seized and held as evidence. The material witness was paroled into the United States to the custody of the U.S. Marshals pursuant to Title 18 of the United States Code, Section 3144.

# III.

## ARGUMENT

### A.    THE GOVERNMENT WILL COMPLY WITH ALL DISCOVERY OBLIGATIONS

The Government has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.  The Government anticipates that all discovery issues can be resolved amicably and informally, and has addressed CASTRO's specific requests below:

**(1) Brady Material.**  The Government has and will continue to perform its duty under Brady to disclose material exculpatory information or evidence favorable to CASTRO when such evidence is material to guilt or punishment.  The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States.  See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985).  This obligation also extends to evidence that was not requested by the defense.  Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).  The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery.  See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam).  Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999)

amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over.  See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).

Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware."  United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(2) Any Proposed Rule 404(b) Evidence.**  The Government will provide CASTRO with any information regarding CASTRO's known prior criminal offenses.  The Government will disclose in sufficient time advance of trial, the general nature of any "other bad acts" evidence that the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  To the extent possible, the Government will provide the Rule 404(b) evidence to CASTRO within two weeks prior to trial.  The Government will also provide notice of all impeachment evidence by prior criminal convictions as required by Fed. R. Evid. 609.

**(3) Request for Preservation of Evidence.**  The Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984).  To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."  Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).

The United States will make every effort to preserve evidence it deems to be relevant and material to this case.  Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the defendant.  See Illinois v. Fisher, _ U.S._ , 124 S.Ct. 1200 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. RIVERA-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

1   **(4)** **Defendant's Statements.**  The Government recognizes its obligation under Rules

2   16(a)(1)(A) and 16(a)(1)(B) to provide to CASTRO the substance of CASTRO's oral statements and

3   CASTRO's written statements.  The Government has produced all of CASTRO's statements that are

4   known to the undersigned Assistant U.S. Attorney at this date.  If the Government discovers additional

5   oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such

6   statements will be provided to CASTRO.

7   The Government has no objection to the preservation of the handwritten notes taken by any of

8   the agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must

9   preserve their original notes of interviews of an accused or prospective government witnesses).

10  However, the Government objects to providing CASTRO with a copy of the rough notes at this time.

11  Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have

12  been accurately reflected in a type-written report.  See United States v. Brown, 303 F.3d 582, 590 (5th

13  Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require

14  disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a

15  report).  The Government is not required to produce rough notes pursuant to the Jencks Act, because

16  the notes do not constitute "statements" (as defined in 18 U.S.C. § 3500(e)) unless the notes (1)

17  comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or

18  adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough

19  notes in this case do not constitute "statements" in accordance with the Jencks Act.  See United States

20  v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks

21  Act where notes were scattered and all the information contained in the notes was available in other

22  forms).  The notes are not Brady material because the notes do not present any material exculpatory

23  information, or any evidence favorable to CASTRO that is material to guilt or punishment.  Brown, 303

24  F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the

25  defense nor material to CASTRO's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3rd

26  Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient).  If,

27  during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks

28  Act, or Brady, the notes in question will be provided to CASTRO.

1    **(5)  Tangible Objects.**  As previously discussed, the Government has complied and will

2    continue to comply with Rule 16(a)(1)(E) in allowing CASTRO an opportunity, upon reasonable notice,

3    to examine, inspect, and copy all tangible objects that is within its possession, custody, or control, and

4    that is either material to the preparation of CASTRO's defense, or is intended for use by the Government

5    as evidence during its case-in-chief at trial, or was obtained from or belongs to CASTRO.  The

6    Government need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens,

7    767 F.2d 574, 584 (9th Cir. 1984).

8    **(6)  Expert Witnesses.**  The Government will comply with Rule 16(a)(1)(G) and provide

9    CASTRO with a written summary of any expert testimony that the Government intends to use under

10    Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  This shall

11    include the expert witnesses' qualifications, the expert witnesses opinions, and the bases and reasons

12    for those opinions.

13    **(7)  Witness Addresses.**  The Government will provide CASTRO with the reports containing

14    the names of the agents involved in the apprehension and interviews of CASTRO.  A defendant in a

15    non-capital case, however, has no right to discover the identity of prospective Government witnesses

16    prior to trial.  See Weatherford v. Bursey, 429 U.S. , 545, 559 (1977); United States v. Dishner, 974 F.2d

17    1502, 1522 (9th Cir 1992), citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985); United States

18    v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996).   Nevertheless, the Government will provide CASTRO

19    with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a

20    witness list is not required.  See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States

21    v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

22    The Government objects to any request that the Government provide a list of every witness to

23    the crimes charged who will not be called as a Government witness.  "There is no statutory basis for

24    granting such broad requests," and such a request "far exceed[s] the parameters of Rule 16(a)(1)©."

25    United States v. Yung, 97 F. Supp. 2d 24, 36 (D. D.C. 2000), quoting United States v. Boffa, 513 F.

26    Supp. 444, 502 (D. Del. 1980).

27    **(8)  Jencks Act Material.**  The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government

28    witness has testified on direct examination, the Government must give the defendant any "statement"

1   (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to

2   the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

3   Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him,

4   (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement,

5   or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). While the Government is

6   only required to produce all Jencks Act material <u>after</u> the witness testifies, the Government plans to

7   provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

8        **(9) <u>Informants and Cooperating Witnesses</u>.** At this time, the Government is not aware of any

9   confidential informants or cooperating witnesses involved in this case. The Government must generally

10  disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's

11  testimony is crucial to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). If there is a

12  confidential informant involved in this case, the Court may, in some circumstances, be required to

13  conduct an in-chambers inspection to determine whether disclosure of the informant's identity is

14  required under <u>Roviaro</u>. <u>See</u> <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997).

15  If the Government determines that there is a confidential informant somehow involved in this case, the

16  Government will either disclose the identity of the informant or submit the informant's identity to the

17  Court for an in-chambers inspection. The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u>

18  to provide material evidence that could be used to impeach Government witnesses.

19       **(10) <u>Specific Request to View A-Files of Material Witnesses</u>.** As previously discussed, the

20  Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could

21  be used to impeach Government witnesses.

22       **(11) <u>Residual Request</u>.** The Government will comply with all of its discovery obligations, but

23  objects to the broad and unspecified nature of CASTRO's residual discovery request.

24       **B.    <u>LEAVE TO FILE FURTHER MOTIONS</u>**

25       The United States does not oppose CASTRO's request to file further motions if they are based

26  on new discovery or other information not available to CASTRO at the time of this motion hearing.

27  //

28  //

1

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, CASTRO's motion should be denied.

DATED:  February 29, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


s/ Randy K. Jones
RANDY K. JONES
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: randy.jones2@usdoj.gov

KAREN P. HEWITT
United States Attorney
RANDY K. JONES
Assistant U.S. Attorney
California State Bar No. 141711
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5684; (619) 557-7381
randy.jones2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08CR0248-L |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| GABRIEL CASTRO, | ) | |
| CASTRO. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to CASTRO's Motion to Compel Discovery and for Leave to File Further Motions Together with Statement of Facts and Memorandum of Points and Authorities on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Martin G. Molina    E-mail: mmolinaesq@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 29, 2008

               s/ Randy K. Jones
               RANDY K. JONES