KAREN P. HEWITT
United States Attorney
RANDY K. JONES
Assistant U.S. Attorney
California State Bar No. 141711
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5684
randy.jones2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0248-L |
| --- | --- | --- |
| Plaintiff, | ) | DATE: March 3, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | |
| | ) | STATEMENT OF FACTS AND MEMORANDUM |
| GABRIEL CASTRO, | ) | OF POINTS AND AUTHORITIES IN |
| | ) | SUPPORT OF GOVERNMENT'S MOTION |
| Defendant. | ) | FOR RECIPROCAL DISCOVERY |
| | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and RANDY K. JONES, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for reciprocal discovery.

I

STATEMENT OF FACTS

A. INCIDENT

On January 15, 2008, at approximately 2:45 p.m., CASTRO, the driver and sole occupant of a white 2008 Volkswagen Jetta with no license plate, made application for admission into the United States from Mexico at the San Ysidro Port of Entry via the vehicle primary lane. CASTRO presented himself for inspection before primary Customs and Border Protection (CBP) Officer Blake. CASTRO began talking to CBP Officer Blake before any questions were asked. CASTRO stated he had no identification and that he must have lost it in Mexico. CASTRO declared himself to be a United States citizen and handed over a County of San Diego Deputy Sheriff Department identifications card.

As CBP Officer Blake performed a cursory inspection of the trunk, she first saw CASTRO's San Diego County Sheriffs jacket and duty holster. CBP Officer Blake then noticed a space discrepancy. She pulled on a wood panel which revealed a body hidden within. CBP Officer Blake called for assistance, handcuffed CASTRO and escorted him into secondary. CBP Officer Ware then drove the vehicle into secondary.

In secondary, a minor male was removed from a modified compartment between the back seat rest and the trunk. The minor male identified himself as A.G.R. A.G.R. admitted to being a citizen of Mexico with no legal documents to enter the United States. Also found in the vehicle were the same type of screws and cable ties used on the compartment, and a hammer. In the secondary office a pat down of CASTRO and his property (a blue backpack) was conducted. While checking the backpack, CASTRO's California driver license, two bullets, and $2,460.00 in cash were found.

A call to the San Diego County Sheriff Department by CBP Enforcement Officer Loperena confirmed that CASTRO was employed by the department as a Correctional Deputy at the East Mesa Detention Facility.

B.   CASTRO'S POST-ARREST STATEMENT

At approximately 4:22 p.m., CASTRO was removed from a holding cell and escorted to an interview room where he was advised of his <u>Miranda</u> Rights. CASTRO elected to waive his right to counsel and gave the following statement.

> CASTRO stated that a few days ago, his uncle, Gilberto, called him and asked if he knew anyone who crossed people. CASTRO told his uncle he did not. CASTRO stated he thought it would be easy for him to cross someone into the United States because he never had any problems before. CASTRO stated his uncle gave him a phone number and he called the number that day and spoke to an unknown lady. The lady told him to meet her at the Mercado Hidalgo in Tijuana and that she would be in an older white Pontiac.
>
> CASTRO stated he built the compartment in his car the day before, for the purpose of hiding his work gear there. CASTRO stated since he already had the compartment, he decided to hide the person he was going to smuggle there. CASTRO stated he met the lady and boy in the parking lot in Tijuana. CASTRO stated that while in the parking lot, he let the back seat rest down and put the boy inside the compartment. CASTRO stated he then replaced the seat rest but did not lock it into place. CASTRO stated he told the lady he wanted $2,500.00 to smuggle the boy into the United States and she gave him the money there in the parking lot.
>
> CASTRO stated he was given a phone number and that he was going to call the number once he crossed the border to receive further instruction. CASTRO stated as he was driving to the border, he asked the boy if he was okay, to which he replied he was fine. He later told the boy when they were approaching the inspection booth.

During the interview, the CASTRO appeared to be alert and coherent, answering questions in a rational manner. CASTRO did not appear to be under the influence of alcohol or any narcotic, nor did CASTRO appear nervous or fearful in any manner.

C. <u>MATERIAL WITNESS STATEMENT</u>

A.G.R. gave the following statement in a videotaped interview:

> That he is a citizen of Mexico, born in San Luis Potosi, Mexico, and has no legal right or document to enter into, pass through, or remain in the United States. That he had traveled to Tijuana with his cousin. That through a photographic line-up, CASTRO picked his cousin up from the hotel they were staying at that morning. That CASTRO later returned to the hotel for him and said that he, CASTRO, had successfully crossed his cousin into the United States. That CASTRO then placed him in the compartment of the vehicle telling him not to move. That he tried to open the compartment from the inside, but could not. That CASTRO was going to take him to a restaurant in San Diego as was pre-arranged with a friend of his father's.

CASTRO was transported and booked into the Metropolitan Correctional Center (MCC) pending criminal arraignment for violation of Title 8 of the United States Code, Section 1324. The vehicle was seized and held as evidence. The material witness was paroled into the United States to the custody of the U.S. Marshals pursuant to Title 18 of the United States Code, Section 3144.

II

POINTS AND AUTHORITIES

A. <u>Government's Motion for Reciprocal Discovery</u>

1. <u>Rule 16(b)</u>

Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery and the Government has already voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Therefore, Rule 16(b) should presently be determined to be operable as to Defendant.

The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of Defendant and which he intends to introduce as evidence in his case-in-chief at trial. The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which she intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The Government

1  also requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure
2  that the Government receives the discovery to which it is entitled.

3     2.   Rule 26.2

4  Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all
5  witnesses, except any statement of Defendant. The rule provides for the reciprocal production of Jencks
6  statements. The time frame established by the rule requires the statement to be provided after the
7  witness has testified, as in the Jencks Act. Therefore, the Government hereby requests that Defendant
8  be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set
9  by the Court. This order should include any form these statements are memorialized in, including, but
10 not limited to, tape recordings, handwritten or typed notes, and/or reports.

III

CONCLUSION

13 For the foregoing reasons, the government respectfully requests that its motion should be
14 granted.

15    Date:   February 29, 2008

16                   Respectfully submitted,

17                   KAREN P. HEWITT
                     United States Attorney

18                   s/ Randy K. Jones

19                   _____
                     RANDY K. JONES
20                   Assistant United States Attorney
                     Attorneys for Plaintiff
21                   United States of America
                     Email: randy.jones2@usdoj.gov

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

| | | | |
|---|---|---|---|
| 3 | UNITED STATES OF AMERICA, | ) | Case No. 08CR0248-L |
| 4 | Plaintiff, | ) ) | |
| 5 | v. | ) ) | CERTIFICATE OF SERVICE |
| 6 | GABRIEL CASTRO, | ) ) | |
| 7 | Defendant. | ) ) | |

9  IT IS HEREBY CERTIFIED THAT:

10  I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12  I am not a party to the above-entitled action. I have caused service of Government's Notice of Motion and Points and Authorities for Reciprocal Discovery on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

14  1. Martin G. Molina        E-mail: mmolinaesq@yahoo.com

15  I declare under penalty of perjury that the foregoing is true and correct.

16  Executed on February 29, 2008

17                                          s/ Randy K. Jones
                                            RANDY K. JONES